Kenneth McMULLEN and Sandra
McMullen, Plaintiffs,

v.

Jack CHRISTENSON, Executive Transfer
Inc., d/b/a Ladd's/Christenson, Inc.,
Realtors, Christenson and Christenson,
Inc. d/b/a Jack Christenson, Inc., Real-
tors, Jack Christenson, Alice Hagen,
Laverne Rusk, Liza Cheuk May Chan,
Beverly Debski, Defendants.

Civ. A. No. 86–CV–72512–DT.

United States District Court,
E.D. Michigan, S.D.

July 30, 1987.

Michael J. Connolly, Detroit, Mich., for
plaintiffs.

Marc M. Susselman, Ann Arbor, Mich.,
John F. Sopt, Bloomfield Hills, Mich., for
defendants.

## OPINION

DUGGAN, District Judge.

This suit involves the plaintiffs' sale of a
parcel of land in Troy, Michigan, to defend-
ants Liza May Cheuk Chan and Beverly
Debski. Plaintiffs listed the property for
sale with defendant Alice Hagen, a real
estate broker employed by defendant Jack
Christenson. Plaintiffs (who are residents
of Texas), allege that the defendants

knew[1] of a third party's, Michael McIntyre's willingness to purchase the property for $100,000, but failed to disclose McIntyre's interest in purchasing the property. Plaintiffs further allege that defendants, through a series of misrepresentations, fraudulently induced the plaintiffs to sell the Troy property for half its fair market value to Chan and Debski.

The misrepresentations allegedly made by defendants involve Chan's statements to McIntyre's agent, made before the purchase of the property, that she owned the Troy property.[2] Plaintiffs also assert that defendant Hagen represented that the commercial value of the Troy property was zero, when it in fact had a commercial value of $100,000. Additionally, plaintiffs assert that defendants misrepresented that the amount Chan and Debski offered[3] was the fair market value of the property, and that Chan and Debski were good faith purchasers.

Defendants Christenson, Hagen, and Rusk[4] received commissions on the sale of the property which Chan and Debski purchased for $50,000. Six days after closing the sale, Chan and Debski offered the property to McIntyre for $173,000.

Plaintiffs filed a multi-count complaint on June 11, 1986, alleging, *inter alia*, a violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("R.I.C.O.") (Count I), and a claim for imposition of a constructive trust on the Troy property (Count XI). On November 4, 1986, this Court dismissed all other claims against defendants Chan and Debski.

This matter is now before the Court on Chan's and Debski's Motion to Dismiss Counts I and XI.

Defendants assert that Count I is deficient on three grounds: (1) Plaintiffs have failed to allege any misrepresentations, made by these defendants to the plaintiffs, which constitute mail or wire fraud; (2) plaintiffs have failed to allege a *pattern* of racketeering; and (3) plaintiffs have failed to allege the requisite relationship between these defendants and the enterprise.

Defendants also assert that, if Count I is dismissed, the remaining count (Count XI) against Chan and Debski, for imposition of a constructive trust on the Troy property, must also be dismissed.

A complaint should be dismissed for failure to state a claim only if the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Westlake v. Lucas*, 537 F.2d 857, 858–59 (6th Cir.1976). All allegations in the complaint are taken as true, and the complaint is construed liberally in favor of the party opposing its dismissal. *Westlake v. Lucas*, 537 F.2d 857, 858; *Davis H. Elliot Co. v. Carribean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir.1975).

## A. *The R.I.C.O. Claim*

In Count I, the plaintiffs allege violations of 18 U.S.C. § 1962(c) and (d). 18 U.S.C. § 1962(c) requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).

In the present case, plaintiffs assert that Chan and Debski conducted the affairs of the real estate agencies Jack Christenson, Executive Transfer, Inc., and Christenson

---

1. McIntyre told Christenson of his interest in purchasing the Troy property in December of 1985. Plaintiffs allege that Christenson (or his agents) told Chan and Debski.

2. Plaintiffs also assert that Chan told the owner of the neighboring property, Mr. Hodge, that she was the owner of the Troy property. Chan suggested that Hodge and she combine their properties to command a higher price from McIntyre. Hodge declined Chan's suggestion, because he had already agreed to sell McIntyre the back portion of his land.

3. Originally, Chan and Debski offered $41,000 for the Troy property, which plaintiffs rejected. Chan and Debski made a second offer of $43,750, which plaintiffs also rejected. On March 5, 1986, plaintiffs made a counter-offer of $50,000, which Chan and Debski accepted the same day.

4. Defendant LaVerne Rusk is another real estate agent employed by Christenson. Rusk represented Chan and Debski in the negotiations for the Troy property.

& Christenson, Inc. (the "enterprises"), through a pattern of mail and wire fraud.

The alleged acts of wire fraud include: (1) Hagen's telephone call to the plaintiffs in which Hagen represented that the property had no commercial value; (2) Hagen's telephone calls to the plaintiffs to communicate Chan's and Debski's offers; (3) Chan's telephone conversation with McIntyre's employee, Samina Hurst, in which Chan represented that she was the owner of the plaintiffs' property and (4) the telephone conversation between Hagen and defendant Rusk (Chan's and Debski's agent), in which plaintiffs suggested a price of $50,000 for their Troy property. The alleged acts of mail fraud include: (1) Hagen's mailing of the listing papers to sell the plaintiffs' property and (2) Hagen's mailing of the purchase agreement.

Because the Court finds that the allegations contained in the complaint are insufficient to show the existence of a pattern of racketeering as required for a violation of the R.I.C.O. Act, it is unnecessary to address the other deficiencies raised by defendants.

Plaintiffs have failed to allege a sufficient "pattern of racketeering activity" because the alleged predicate acts were committed to further a single criminal transaction. This Court is aware that a split of authority exists regarding the definition of a "pattern". The Eighth and Tenth Circuits have adopted a strict interpretation of a "pattern of racketeering." In *Superior Oil Company v. Fulmer*, 785 F.2d 252, 257 (8th Cir.1986) and *Torwest DBC, Inc. v. Dick*, 810 F.2d 925, 929 (10th Cir.1987), the courts held that multiple acts of racketeering, committed in furtherance of a single scheme, lack the continuity necessary to establish a "pattern." In contrast, the Second and the Eleventh Circuits interpret a "pattern of racketeering" more liberally. These courts have held that a "pattern" is shown by proving multiple acts of racketeering, committed within ten years of one another, even though committed to further a single scheme. *Bank of America v. Touche Ross*, 782 F.2d 966, 971 (11th Cir.

1986); *U.S. v. Ianniello*, 808 F.2d 184, 190 (2d Cir.1986).

The Seventh Circuit has adopted a middle course, holding that, while more than two predicate acts may be necessary to establish a "pattern", the R.I.C.O. statute does not require that the predicate acts be committed in furtherance of more than one scheme. *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir.1986).

■ To this Court's knowledge, the Sixth Circuit has not yet expressed its view of the definition of a "pattern". Whether the Sixth Circuit will determine that the predicate acts must be in furtherance of more than one scheme remains to be seen. This Court, however, believes that a "pattern" of racketeering activity requires more than multiple acts of racketeering committed to further a single criminal transaction, episode, or event. In the present case, the alleged acts of mail and wire fraud were committed to further a single criminal transaction, i.e. to fraudulently induce the plaintiffs to sell their land for less than fair market value.

■ Plaintiffs allege that a "pattern of racketeering activity" exists because, in addition to depriving plaintiffs of the fair market value of their property, through mail and wire fraud, Chan and Debski interfered with the interest of McIntyre in purchasing the property. Plaintiffs assert that, by failing to disclose and misrepresenting the true ownership of the property, Chan and Debski prevented McIntyre from purchasing the property from plaintiffs, thus evidencing two schemes. This Court finds that the facts demonstrate the existence of one single criminal transaction, the defrauding of plaintiffs; any other alleged misrepresentations were made incidentally, as part of the common scheme. Although the other misrepresentations may constitute acts of racketeering, they do not constitute separate transactions. Accordingly, this Court finds that these defendants did not conduct the affairs of the real estate agencies ("the enterprises") through a "pattern of racketeering activity," and thus failed to state a cause of action under 18 U.S.C. § 1962(c).

This Court further finds that plaintiffs have failed to allege sufficient "continuity" among the alleged acts of racketeering to constitute a "pattern." In *Sedima*, the Supreme Court stated "the target of R.I. C.O. is thus not sporadic activity. The infiltration of legitimate business normally requires more than one racketeering activity and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern." *Sedima*, 105 S.Ct. at 3285 n. 14. The Seventh Circuit, in *Morgan v. Bank of Waukegan*, 804 F.2d 970 (7th Cir. 1986), elaborated further on this "continuity" requirement when they stated:

> In order to be sufficiently continuous to constitute a pattern of racketeering activity, the predicate acts must be ongoing over an identified period of time so that they can fairly be viewed as constituting separate transactions, i.e., transactions somewhat separated in time and place. *Morgan* at 975.

Construing the plaintiffs' complaint in the most favorable light, this Court finds that plaintiffs have alleged merely multiple misrepresentations and false statements relating to the same transaction (the sale of plaintiffs' property) transmitted through the U.S. Mails and over the telephone, at various times over a period of a few months. This Court does not believe that this is the type of "continuous" activity intended to be deterred by the R.I.C.O. Act.

The claim for "conspiracy to violate the R.I.C.O. Act" is also dismissed for failure to state a cause of action. To establish a conspiracy under 18 U.S.C. § 1962(d), the plaintiffs must prove the enterprise, pattern, and racketeering elements plus an additional element, an agreement to conduct or participate in the affairs of the enterprise, in violation of § 1962(c). *U.S. v. Cauble*, 706 F.2d 1322, 1341, (5th Cir. 1983); *U.S. v. Neapolitan*, 791 F.2d 489, 492 (7th Cir., 1986). The plaintiffs have not shown that defendants Chan and Debski engaged in a pattern of racketeering activity, thus they have failed to state a claim under 18 U.S.C. § 1962(d), conspiracy to violate the R.I.C.O. Act, and Count 1 of the Complaint must be dismissed.

## B. The Claim for a Constructive Trust

The sole remaining claim against defendants Chan and Debski is the claim for imposition of a constructive trust on the Troy property (Count XI). Count XI does not allege any wrongdoing by defendants Chan and Debski other than that alleged in the dismissed claims.

A court may impose a constructive trust on property which is acquired by fraud or other circumstances that render it unconscionable for the wrongdoer to retain title to or the benefits from the property. *Potter v. Lindsay*, 337 Mich. 404, 411, 60 N.W.2d 133 (1953); *LeZontier v. Shock*, 78 Mich.App. 324, 333–34, 260 N.W.2d 85 (1977). In the present case, however, all claims asserting wrongdoing on the part of Chan and Debski have been dismissed. Consequently, there is no basis on which this Court could impose a constructive trust on their property. Accordingly, Count XI must be dismissed.

An Order dismissing Counts I and XI of the Complaint pursuant to F.R.Civ.P. 12(b)(6), for failure to state a cause of action, shall issue.